*Western District*

## No. 157

## STANLEY E. GABIS
## v.
## ERNEST L. LEGROS, d/b/a
## ERNEST L. LEGROS INSURANCE AGENCY, INC.
## and
## SAFEGUARD INSURANCE COMPANY

Argued: August 20, 1975. Decided: July 5, 1976.

Case tried to *Dudley, J.,* in the District Court of Fitchburg. No. 1641.

Justices: Gould, P.J.; Walsh, Cimini, J.J.

**Gould, Presiding Justice.** This is an action in four counts. Counts one in contract and four in tort for negligence are alleged against the defendant Safeguard Insurance Company. Counts two in contract and three in tort for negligence assert the same allegations against the defendant Ernest L. Legros.

A policy of insurance for risk of loss by fire, numbered DKF 68-51-99, was written by the defendant Legros through the defendant Safeguard in the amount of $14,000.00, covering the period of February 10, 1970 to February 10, 1971, on property owned by the plaintiff, located at 9-11 Huron Street in Fitchburg, Massachusetts. Subsequently, a policy, numbered DKF 72-81-70, in the amount of $7000.00, was also written by defendant Legros, through the defendant Safeguard Insurance Company, covering a period of February 10, 1971 to February 10, 1972. This policy was issued without the knowledge or the authority of the plaintiff who assumed said policy would be issued also in the amount of $14,000.00.

On March 13, 1971, the plaintiff's property was substantially damaged by fire and this action seeks to recover the difference of what would have been paid had a fourteen thousand dollar policy been issued instead of the seven thousand dollar policy.

From the memorandum and opinion filed by the trial justice, the following relevant facts were found:

After the issuance of policy number DKF 68-51-99, covering the period commencing February 10, 1970, the defendant Safeguard wrote Legros and instructed him to limit the coverage on the renewal of the Moison property (Moison being the predecessor owner of the property) to $7000.00. However, since the plaintiff's policy had already been issued, the defendant Legros did nothing further about the matter at that time.

On August 20, 1970, Safeguard wrote Legros, again to the effect that the defendant Legros had written the renewal policy for $14,000.00 and, because of the condition of the property, Safeguard still wanted to limit their coverage to $7000.00. Safeguard requested that Legros forward them an endorsement to that effect, showing that the coverage was being reduced. The trial court was unable to determine whether or not Legros ever did anything to reduce the coverage on this policy.

The new policy which was to have been issued on February 10, 1971, was DKF 72-81-70. The plaintiff testified that he never saw this policy until some time after April 19, 1971, a month or more following the fire, and never knew that his coverage had been reduced to $7000.00. A bank holding a mortgage on the subject policy had no record, as of the date of the trial, as to when, if ever, it had received a copy of this policy. This policy was received by the Insurance Company Rating Bureau on March 23, 1971, and was received by the defendant Safeguard on April 5, 1971. The plaintiff testified that he did not get his policy but received an invoice showing the reduced coverage, on April 8, 1971. He then contacted Legros by letter of April 12, 1971 to the effect that he thought he had $14,000.00 coverage on a renewal of policy DKF 68-51-99.

The defendant Legros and his witness testified that they sent the plaintiff a copy of the original invoice

showing the reduction; that the invoice was drawn in four colors, of which the white one was the copy to be sent to the plaintiff. From the memorandum of findings of the trial court there is an indication that this white copy was found in the file of the defendant Legros, and they could offer no credible explanation for its presence there. The court made a finding that the plaintiff never received notice of the reduced coverage until after the fire and that the policy number DKF 72-81-70 was not written until after the fire.

The court found for the defendant Safeguard on counts one and four, and also found for the defendant Legros on counts two and three, although the court did find that there was no negligence on the part of the defendant Safeguard and that any negligence on the part of Legros cannot be attributed to Safeguard. Additionally the court found that though Legros was guilty of actual negligence or carelessness, he was not guilty of any actionable negligence because he was not guilty of the violation of any legal duty, because the court found that there was no legal duty on the part of Legros or Safeguard to renew policy DKF 68-51-99, or write policy DKF 72-81-70.

The plaintiff seasonably filed a list of thirteen requests for rulings, twelve of which were originally acted upon by the trial justice, but through inadvertence, number 10 was not acted upon, and was eventually acted upon by him in a supplemental memorandum and opinion which was filed after the orginal finding in the case.

Requests for rulings numbered one through nine inclusive, were denied as either being requests for findings of fact or as being contra to the facts found.

Requests number eleven and twelve were allowed as a proposition of law, and request number thirteen was denied as being too broad a statement and not in compliance with former Rule #27 of the District Courts.

Request for Ruling number Thirteen was as follows: "That upon all the evidence a finding is warranted that the defendants' negligence was the proximate cause of the damages sustained by the plaintiff."

On the supplementary findings of the trial court, request for ruling number 10, was also denied. This request was as follows:

"That the failure of the defendant Safeguard Insurance Company to notify the plaintiff of the reduction in coverage, either directly or through its agent, the defendant Legros, is a breach of duty owed the plaintiff and is negligence."

The defendant Safeguard filed a group of six requests for rulings, all of which were treated as waived by the trial court in the light of the finding.

The defendant Safeguard in its brief correctly calls attention to the fact that the original policy issued to the plaintiff did not provide for a renewal, and that there was no obligation on the part of the insurer to renew unless it could be found that an agreement existed between the plaintiff and the insurer.

The defendant Safeguard further calls attention in its brief that at the time of the incident here under litigation, that the Massachusetts General Laws did not require any notice by an insurer whenever the insurer did not intend to renew a prior policy, lacking a right of renewal clause therein.

The brief further calls attention to legislation which was approved on June 12, 1973, now found in Massachusetts General Laws, Chapter 175, Section 193P, which did add a provision for new policies, a requirement of notice in the event that a policy was not to be renewed. Inferentially this legislation indicates that even at present there is no obligation on an insurer

to renew, but only that the insurer must now give notice if the policy is not to be renewed.

Thus the finding of the trial court in respect to the defendant Safeguard on Counts one and four appears to be well founded, and there is no error.

The finding against the defendant Legros, as to count number two, appears to stand on the same footing as that of count one against the defendant Safeguard, and this finding is also affirmed. However, on count three there does appear to be a contradiction. The court in its finding did find negligence on the part of Legros but asserts that it was not actionable negligence. But in considering the request for ruling number thirteen filed by plaintiff, which was denied by the trial court as being too broad, there was error.

From the evidence contained in the report, it is clear that had the defendant seasonably issued the renewal policy and transmitted the same to the plaintiff, that the plaintiff would have been informed thereby of the reduced coverage, and would have had an opportunity before the fire to have taken corrective measures to obtain additional coverage.

Even if the court were to make a finding of no actionable negligence on the part of the defendant Legros, request for ruling number Thirteen ought to have been allowed because on the facts contained in the report it clearly indicated that a finding upon all of the evidence was at least warranted, that the defendant's negligence was the proximate cause of the damage sustained by the plaintiff, and thus the denial of request #13 was error as to count number Three.

It is therefore ordered that the case be remanded to the trial court for a rehearing on count three of the plaintiff's declaration against defendant Legros.